# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3214

_____

Iris Jaibal-Ayala

*Petitioner*

v.

Jefferson B. Sessions, III,[1] Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 16, 2017
Filed: June 21, 2017
[Unpublished]

_____

Before LOKEN, ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

---

[1]Jefferson B. Sessions, III has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

After Guatemalan citizen Iris Jaibal-Ayala sought asylum and withholding of removal based on her membership in the particular social group of Guatemalan women, an immigration judge (IJ) denied relief and the Board of Immigration Appeals (BIA) upheld the decision. This petition for review followed. Because the BIA adopted and affirmed the IJ's decision, and added its own reasoning, we have reviewed both decisions together, see Alavez-Hernandez v. Holder, 714 F.3d 1063, 1066 (8th Cir. 2013), and we conclude that substantial evidence supports the denial of relief, see id. (standard of review). In particular, Ms. Jaibal-Ayala failed to establish past persecution based on her testimony that, for some two months, gang members threatened to harm her family if one of the daughters was not turned over to the gang for prostitution: though disturbing, the threats were never fulfilled, and were not so menacing as to, without more, constitute past persecution. See Malonga v. Mukasey, 546 F.3d 546, 551 (8th Cir. 2008) (withholding-of-removal standard); see also Lemus-Arita v. Sessions, 854 F.3d 476, 481 (8th Cir. 2017) (discussing unfulfilled threats); Alavez-Hernandez, 714 F.3d at 1067 (persecution is extreme concept). Further, insufficient evidence connected these events, or the murder of one of Ms. Jaibal-Ayala's brothers years later, to her proposed social group. Because the record does not compel the conclusion that Ms. Jaibal-Ayala qualified for withholding of removal, see Alavez-Hernandez, 714 F.3d at 1066, we deny her petition for review.[2]

_____

_____

[2]We do not consider those claims or issues that were not administratively exhausted, see Camishi v. Holder, 616 F.3d 883, 886 (8th Cir. 2010), or that have been waived, see Wanyama v. Holder, 698 F.3d 1032, 1035 n.1 (8th Cir. 2012).